IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Emmet Tyrone Kelley, | ) | Case No. 8:12-cv-03008-JMC-JDA |
| a/k/a Emmett Kelley, Emmet Kelley, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Bollinger, | ) | |
| Trenton Correction Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment.

[Doc. 16.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28

U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule

73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for

relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on October 15, 2012.[1]  [Doc.

1.]  On February 1, 2013, Respondent filed a motion for summary judgment and a return

and memorandum.  [Docs. 15, 16.]  On February 4, 2013, the Court filed an Order

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the

summary judgment procedure and of the possible consequences if he failed to adequately

respond to the motion.  [Doc. 17.]  On March 11, 2013, Petitioner filed a response in

opposition [Doc. 24], and he filed additional attachments to his response on March 22,

_____

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on October 15, 2012.  [Doc. 1-2 (envelope stamped on October 15, 2012).]

2013 [Doc. 34].[2]  On March 20, 2013, the Court ordered Respondent to file a reply [Doc. 32], and Respondent filed a reply on April 1, 2013 [Doc. 36].

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Livesay Correctional Institution pursuant to orders of commitment of the Saluda County Clerk of Court.[3]  [Doc. 1 at 1; Doc. 22 (notice of change of address to Livesay Correctional Institution).]  In July 2002, Petitioner was indicted for armed robbery and possession of a firearm during the commission of a crime.  [App. 320–23.[4]]  On May 2, 2003, represented by Geddes Anderson ("Anderson"), Petitioner proceeded to a jury trial.  [App. 1–247.]  Petitioner was found guilty of both charges.  [App. 238.]  Petitioner was sentenced to

---

[2]Also on March 11, 2013, Petitioner filed a motion for a *nunc pro tunc* order but failed to specify what information in the record required correction.  [Doc. 25.]  The Court granted Petitioner leave to refile a motion that specified what action he wanted the Court to take [Doc. 29], but Petitioner failed to file another motion.  However, the Court notes that Petitioner presented the same information—that his appellate collateral review attorney misadvised him regarding the statute of limitations for federal habeas petitions—in his *nunc pro tunc* motion that he has presented in other filings, and the Court has considered that information for purposes of this Report and Recommendation.

[3]When he filed the Petition, Petitioner was incarcerated at Trenton Correctional Institution.  [Doc. 1 at 1.]  On February 26, 2013, Petitioner filed a notice of change of address updating his address to Livesay Correctional Institution.  [Doc. 22.]  A prisoner's immediate custodian—the warden of the facility where the prisoner is being held—is the proper respondent in a habeas corpus action because the immediate custodian has the power to produce the prisoner's body before the habeas court.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  If a prisoner properly files a habeas petition naming the prison warden as the respondent and is relocated to another prison before the court decides whether or not to grant the petition, the court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  *Id.* at 441 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)).  Thus, this Court retains jurisdiction over the Petition following Petitioner's transfer from Trenton Correctional Institution to Livesay Correctional Institution.

[4]The Appendix can be found at Docket Entry Numbers 15-1 and 15-2.

twenty years imprisonment for the armed robbery charge and five years imprisonment for the possession of a weapon charge, with the sentences to run concurrently. [App. 246.]

**Direct Appeal**

Petitioner timely filed and served a notice of appeal. On July 12, 2004, Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense filed an *Anders* brief[5] on Petitioner's behalf in the South Carolina Court of Appeals, as well as a petition to be relieved as counsel. [Supp. App. 1–11.[6]] The brief raised the following issue: "Whether the trial judge erred in removing a black juror without questioning to see if she was asleep when he noticed her eyes were closed?" [Supp. App. 4.] Petitioner did not file a pro se response. On February 4, 2005, the South Carolina Court of Appeals issued a per curiam opinion dismissing Petitioner's appeal and granting his appellate counsel's motion to be relieved. [Supp. App. 12–13.] Remittitur was issued on March 8, 2005. [Doc. 15-4.]

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on February 10, 2006. [App. 251–77.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> 10a.) The Trial Court erred in not granting the applicant's motion, that pursuant to Neil Vs. Biggers, that such photo Line up was suggestive.
>
> 10b.) Ineffective Assistance of Appellate Counsel, For submitting a Frivolous claim before the bar.

---

[5]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

[6]The Supplemental Appendix can be found at Docket Entry Number 15-3.

3

10c.) The Trial Court erred in not granting a mistrial on the request of the grand Jury As to the Prehearing of part of the proceedings.

10d.) The Trial Court erred in not granting the defense a "direct Verdict", based on evidence presented.

[App. 259–60.]   Petitioner also indicated he sought relief based on the ineffective assistance of trial counsel.  [App. 253.]

On November 30, 2009, a hearing was held on Petitioner's PCR application, at which Petitioner was represented by S. Jahue Moore, Jr. [App. 285–308.]  Petitioner and Anderson testified at the hearing.  [*Id.*]  On March 24, 2010, the PCR court issued an order denying and dismissing Petitioner's application with prejudice.[7]  [App. 309–19.]

Petitioner timely filed and served a notice of appeal.  On December 8, 2010, Wanda H. Carter ("Carter") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf in the South Carolina Supreme Court a *Johnson* petition[8] for writ of certiorari. [Doc. 15-5.]  The *Johnson* petition raised the following issue:

---

[7]The PCR court found Petitioner raised the following issues:

1)      Ineffective Assistance of Trial Counsel;
2)      Ineffective Assistance of Appellate Counsel for submitting a frivolous claim;
3)      Failure of trial court to grant various motions, including a motion to suppress identification testimony, a motion for mistrial, and a motion for directed verdict.

[App. 310.]

Further, on April 7, 2010, Petitioner filed a pro se motion to alter or amend the PCR court's judgment pursuant to South Carolina Rule of Civil Procedure 59(e). [App. 324–26.] There is no indication in the record that the PCR court addressed this motion.  Respondent represents that the PCR court would not have addressed the motion because it was untimely and because Petitioner was represented by counsel. [Doc. 15 at 3 n.2 (citations omitted).]

[8] A *Johnson* petition is the PCR appeal analogue to an *Anders* brief.  *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

> Trial counsel erred in failing to request a hearing at trial in order to make a proffer on the record regarding the circumstances surrounding the alleged sleeping juror, because clearly said juror should not have been dismissed from the petit jury in the case.

[*Id.* at 3.]  On February 2, 2011, Carter filed a motion to substitute a merits petition for the *Johnson* petition [Doc. 15-6], and the South Carolina Supreme Court granted the motion [Doc. 15-7].  On March 21, 2011, Carter filed a petition for writ of certiorari raising the following issue:

> Trial counsel erred in failing to specifically request a Hurd hearing to be held at trial in order to make a proffer on the record regarding the circumstances surrounding the dismissals of two sleeping jurors from the petit jury because sans a hearing, there was no clear assessment of whether their dismissals were proper as such an inquiry might have revealed that they still would have been able to have performed their duties as jurors in the case.

[Doc. 15-8 at 3 (footnote omitted).]  The South Carolina Supreme Court denied the petition on July 30, 2012 [Doc. 15-10], and remittitur was issued on August 17, 2012 [Doc. 15-11].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on October 15, 2012 pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner raises the following ground for relief, quoted substantially verbatim:

> The Petitioner alleges that, in violation of the 4[th], 5th, and 6th Amendments of the US Constitution and state law, trial counsel erred in failing to request HURD hearing involving sleeping juror.

> *Supporting facts*:     Trial counsel erred in not requesting a full hearing, and proffer on the record in the matter of the dismissal of two Jurors.  In order to determine how long Jurors Dozier and Bynum slept, and if they missed any relevant testimony or evidence that would warrant a

5

different outcome. This denied the petitioner his constitutional right to fair tr[ia]l by an impartial Jury.

[Doc. 1 at 5.] As stated, on February 1, 2013, Respondent filed a motion for summary judgment. [Doc. 16.] On March 11, 2013, Petitioner filed a response in opposition [Doc. 24], and he filed additional attachments to his response on March 22, 2013 [Doc. 34]. Respondent filed a reply on April 1, 2013. [Doc. 36.] Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved

for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would

affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When

determining whether a genuine issue has been raised, the court must construe all

inferences and ambiguities against the movant and in favor of the non-moving party.

*United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating

to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the

non-moving party, to survive the motion for summary judgment, may not rest on the

allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must

demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this

standard, the existence of a mere scintilla of evidence in support of the non-movant's

position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at

252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude

granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355,

7

365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

8

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has

9

appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[9] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

---

[9]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is

barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.

13

In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application

15

for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, --- U.S. ---, ---, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred and that Petitioner has failed to establish he is entitled to equitable tolling. [Doc. 15 at 6–12.] Petitioner contends Carter, the attorney who handled Petitioner's PCR appeal, advised Petitioner that he had to file his federal habeas petition within one year of the date of the South Carolina Supreme Court's order denying his petition for writ of certiorari. [Doc. 1 at 13; Doc. 25; Doc. 34-1.] Upon review, the Court agrees with Respondent that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

The South Carolina Court of Appeals dismissed Petitioner's direct appeal on February 4, 2005. [Supp. App. 12–13.] Consequently, Petitioner had one year from February 22, 2005—when time expired for Petitioner to seek further direct review[10]—to file

_____

[10]Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when calculating time, the last day of the period must be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Because the fifteen-day period for Petitioner to file a motion for rehearing in the South Carolina Court of Appeals expired on Saturday, February 19, 2005 and Monday, February 21, 2005 was the Presidents' Day holiday, the

a federal habeas petition.  28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); *Holland*, 130 S. Ct. at 2558.

Petitioner filed his application for state post-conviction review on February 10, 2006 [App. 251], such that 353 days of the one-year limitations period had expired before Petitioner filed his PCR application.  The one-year period in which to file a federal habeas petition is tolled during the pendency of a properly filed PCR application, 28 U.S.C. § 2244(d)(2), and thus, the statute of limitations was tolled during the period the PCR application was pending—from February 10, 2006 until August 17, 2012, when the South Carolina Supreme Court issued remittitur in the appeal from the denial of Petitioner's PCR application [Doc. 15-11].  Therefore, the one-year limitations period began to run again on August 17, 2012 and expired twelve days later on August 29, 2012.  As a result, the Petition—filed on October 15, 2012, almost two months after the expiration of the limitations period—is untimely.

**Equitable Tolling**

Petitioner contends his appellate PCR attorney misadvised Petitioner regarding the statute of limitations and told Petitioner he had one year from the date of the South Carolina Supreme Court's order denying his petition for writ of certiorari to file his federal

---

judgment in Petitioner's case became final on Tuesday, February 22, 2005.  *See* S.C. Code Ann. § 53-5-10 (enumerating the third Monday in February, Presidents' Day, as a legal holiday); S.C. App. Ct. R. 221(a), 242(c) (establishing that a decision of the South Carolina Court of Appeals is not final for purposes of petitioning the South Carolina Supreme Court for review until the petitioner has filed a motion for rehearing by the Court of Appeals, and such motion must be filed within fifteen days of the Court of Appeals' decision).

habeas petition.  [Doc. 1 at 13; Doc. 25; Doc. 34-1.]  For the reasons explained below,

Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is
> deemed bound by the acts of his lawyer-agent and is
> considered to have 'notice of all facts, notice of which can be
> charged upon the attorney.'"  *Link v. Wabash R. Co.*, 370 U.S.
> 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting
> *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . .
> Federal courts have typically extended equitable relief only
> sparingly.   We have allowed equitable tolling in situations
> where the claimant has actively pursued his judicial remedies
> by filing a defective pleading during the statutory period, or
> where the complainant has been induced or tricked by his
> adversary's misconduct into allowing the filing deadline to
> pass.  We have generally been much less forgiving in receiving
> late filings where the claimant failed to exercise due diligence
> in preserving his legal rights. *Baldwin County Welcome Center
> v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L.
> Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted).  The

Fourth Circuit has underscored the very limited circumstances in cases subject to the

AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only

entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his

control or external to his own conduct, (3) that prevented him from filing on time."  *Rouse

v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances

warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a
> statute of limitations must be guarded and infrequent, lest
> circumstances of individualized hardship supplant the rules of
> clearly drafted statutes. To apply equity generously would
> loose the rule of law to whims about the adequacy of excuses,
> divergent responses to claims of hardship, and subjective
> notions of fair accommodation. We believe, therefore, that any

18

> resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[11]    The Supreme Court has suggested that equitable tolling is justified to relieve the operation of a limitations bar due to egregious unprofessional attorney misconduct, such as abandoning the client; a last minute change in representation beyond the client's control; failing to conduct essential services of representation like communicating with the client and performing basic legal research; and denying the client access to files and misleading the client. *Holland*, 130 S. Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held that, in addition to demonstrating extraordinary circumstances prevented the petitioner from timely filing, the petitioner must demonstrate he has been diligently pursuing his rights.  *Id.* at 2562.

Here, Petitioner has failed to demonstrate that any misinformation given by Carter "constituted . . . more than garden variety or excusable neglect."  *Id.* at 2564 (internal quotation marks omitted).  First, although Petitioner alleges he has attempted to obtain evidence confirming Carter misinformed Petitioner regarding the statute of limitations [Docs. 25, 34-1], Petitioner has failed to present anything more than his bare allegations

---

[11]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

that Carter told him he had one year from July 30, 2012 to file a federal habeas petition [Doc. 1 at 13; Doc. 25; Doc. 34-1].  Second, the Supreme Court has suggested that an attorney's lack of knowledge regarding the AEDPA statute of limitations, standing alone, amounts to nothing more than simple negligence.  *Holland*, 130 S. Ct. at 2564 ("Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired—two facts that, alone, might suggest simple negligence."); *see Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period.").  In this case, Petitioner has failed to allege anything more than that Carter was unaware of how the AEDPA statute of limitations operates.  Without more, the Court cannot conclude Petitioner has presented extraordinary circumstances justifying the

application of equitable tolling.[12]   Therefore, the Court determines the Petition should be dismissed as time barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 28, 2013
Greenville, South Carolina

---

[12]The Court notes Petitioner's allegations fall far short of those presented by the petitioner in *Holland*. In that case, the Supreme Court summarized the allegations presented by Holland, the petitioner, concerning the failures of his attorney, Collins, as follows:

> Collins[, who was appointed to represent Holland in all state and federal post-conviction proceedings,] failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so.  Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules.  Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information.  And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Holland*, 130 S. Ct. at 2564; *see id.* at 2555–59 (detailing Holland's state and federal collateral proceedings and his communication, or attempts to communicate, with Collins).  Here, in contrast, Carter represented Petitioner at only one stage of his collateral proceedings, and it was apparently up to Petitioner to timely file his federal habeas petition.  Further, Petitioner has not alleged that Carter failed to communicate with him or that Carter failed to timely inform Petitioner of the denial of his petition for writ of certiorari.  Moreover, Petitioner has failed to allege when or how he learned that Carter's alleged advice regarding the AEDPA statute of limitations was erroneous and that he has otherwise diligently pursued his rights.  In short, Petitioner's allegations fail to demonstrate the sort of circumstances and diligence the Supreme Court suggested might warrant equitable tolling of the limitations period.  *See id.* at 2565 (reversing and remanding with the following explanation: "Because the District Court erroneously relied on a lack of diligence, and because the Court of Appeals erroneously relied on an overly rigid *per se* approach, no lower court has yet considered in detail the facts of this case to determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief. . . . Thus, because we conclude that the District Court's determination must be set aside, we leave it to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail.").

21