# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Emmet Tyrone Kelley, ) | |
| a/k/a Emmett Kelly, Emmet Kelley ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 8:12-cv-03008-JMC |
| ) | |
| Warden Bollinger, ) | |
| Trenton Correctional Institution, ) | |
| ) | **OPINION AND ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 38], filed on June 28, 2013, recommending that Respondent Warden Bollinger's ("Respondent") Motion for Summary Judgment [Dkt. No. 16] be granted and that Petitioner Emmet Tyrone Kelley's ("Petitioner") Petition for Writ of Habeas Corpus [Dkt. No. 1] be dismissed as time barred.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation. 28 U.S.C. § 636(b)(1); *Adams v. South Carolina*, 244 F. App'x 534, 535 (4th Cir. 2007); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff timely filed Objections to the Report and Recommendation ("Objections") [Dkt. No. 41]. Petitioner does not object to the Magistrate Judge's finding that his habeas petition was not timely filed, but contends that his case is subject to and worthy of equitable tolling. Specifically, Petitioner alleges that his appellate attorney erroneously informed him in a telephone conversation[1] that Petitioner had a year from July 30, 2012, the date on which the South Carolina Supreme Court issued its order denying Petitioner's petition for a writ of

---

[1] Petitioner has included with his Objections three South Carolina Department of Corrections "Request to Staff Member" forms documenting Petitioner's attempts to gain access to his mail records and phone recordings involving his communications with his appellate counsel.

certiorari, in which to file his habeas corpus petition.[2]  The Magistrate Judge addressed this issue in the Report and correctly explained that Petitioner's appellate counsel's alleged failure to correctly inform him of the proper statute of limitations deadline does not amount to extraordinary circumstances justifying the application of equitable tolling.  *See Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) (reaffirming the holding that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline does not warrant equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control warranting equitable tolling).

Petitioner's Objections also appear to assert a claim of ineffective assistance of counsel on the part of Petitioner's post-conviction relief ("PCR") attorney.  Specifically, Petitioner asserts that his first PCR attorney, with whom he was working diligently, was deployed to Afghanistan; that Petitioner received notice roughly three months before his PCR hearing that a new attorney would be taking over his case; and that he never met or spoke with the new attorney until the day of his PCR hearing.  *See* Objections [Dkt. No. 41, at 1-2].  Petitioner believes that if he had had the opportunity to meet and discuss his case with his PCR counsel, he would have prevailed in the PCR proceeding.

Petitioner asserts his ineffective assistance of PCR counsel claim for the first time in his Objections to the Magistrate Judge's Report.  He did not assert this claim in his habeas petition or in his Response in Opposition to Respondent's Motion for Summary Judgment [Dkt. No. 24].

---

[2] As the Magistrate Judge details, Petitioner had already accrued 353 days in the one-year statute of limitations period prior to filing his application for post-conviction review.  The statute of limitations was tolled during the pendency of the PCR action until the Supreme Court issued its remittitur in the appeal from the denial of Petitioner's PCR application on August 17, 2012. At that point, Petitioner only had twelve days remaining in which to file his habeas action within the statute of limitations.

First, the acts or alleged omissions by PCR counsel are entirely unrelated to the fact that Petitioner's habeas petition was untimely. Therefore, this contention provides no support to Petitioner's contention that equitable tolling is warranted in this case.

To the extent this is a new ground upon which Plaintiff seeks habeas relief, the court notes several reasons for not addressing the merits of this claim. First, it is not clear that new habeas claims raised for the first time in a petitioner's objections to the Magistrate Judge's Report are properly before the court such that they must be addressed on the merits. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (declining to address issues raised for the first time in petitioner's objections to the magistrate judge's report since the issues were not properly before the district court). More importantly, the claim is not properly before the court because there is no indication that Petitioner raised the issue of ineffective assistance of PCR counsel at the state level.[3] Section 2254(b)(1) provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state." To satisfy the exhaustion requirement of section 2254, the petitioner must "fairly present" his claim to the appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A claim is "fairly presented" if the petitioner presents to the state court the "substance of his federal habeas corpus claim," including "both the operative facts and the controlling legal principles." *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) (internal quotations omitted), *overruled on other grounds by United States v. Barnette,* 644 F.3d 192 (4th Cir. 2011). Further, the petitioner bears the burden of proving exhaustion. *Id*. In this case,

---

[3] Petitioner's *Johnson* petition, brought pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), presented only one issue: that trial counsel erred for failing to request a hearing during trial in order to make a proffer on the record regarding sleeping jurors. The petition does not mention any alleged failure of PCR counsel. Additionally, when Petitioner's appellate attorney substituted the *Johnson* petition for a writ of certiorari, the issue presented involved only trial counsel's failure to request a *Hurd* hearing regarding the sleeping jurors.

4

Petitioner has not demonstrated that a state court has had the opportunity to address his ineffective assistance of PCR counsel claim, and the court does not find that the issue was fairly presented in any of the state court proceedings below.

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report [Dkt. No. 38]. The court **GRANTS** Respondent Warden Bollinger's ("Respondent") Motion for Summary Judgment [Dkt. No. 16]. It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] is **DISMISSED** with prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the court finds reasonable jurists would not find the court's treatment of any of Petitioner's claims debatable or wrong. Accordingly, the legal standard for the issuance of a certificate of appealability has not been met.

5

**IT IS SO ORDERED.**

United States District Judge

August 15, 2013
Greenville, South Carolina